

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Travis Co*

Honorable Lon A. Smith, Chairman
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. 0-2958
Re: The expiration date of Lon A.
Smith's present term and tenure
of office as Railroad Commissioner.

Your letter of December 6, 1940, seeks our opinion as to the date upon which your present term or tenure of office expires. The following facts are recited in your letter:

"I was elected to the office of Railroad Commissioner in the November election in 1924 for the four-year unexpired term of W. M. W. Splawn, having defeated W. A. Nabors, who had been appointed when Mr. Splawn resigned. Judge William Pierson administered the oath of office on January 19, 1925, on which date I commenced to serve. I was elected to my first full six-year term in the November election of 1928 and took the oath of office on January 19, 1929. I was reelected for a full term in the November election 1934. Judge O. S. Lattimore administered the oath of office on January 15, 1935."

There was enacted by the Legislature in 1937 (Acts 1937, 45th Leg., p. 1320, Ch. 486, p. 1) the following statute which appears as Article 2929a in Vernon's Annotated Civil Statutes:

Honorable Lon A. Smith, Page 2

"From and after the effective date hereof the
terms of office of all elective State and District
officers of the State of Texas, excepting Governor,
Lieutenant Governor, Members of the Senate, and
Members of the House of Representatives, shall be-
gin on the 1st day of January next following the
General Election at which said respective State and
District officers were elected."

The office of Railroad Commissioner is an elective
State office and is not one of the offices excepted by the
express provisions of this Act. Thereunder your successor
is authorized to qualify for and assume the duties of the of-
fice on the 1st day of January, 1941, at which time, of
course, your right to hold the office longer would cease.

Section 30 of Article XVI of the Constitution of
Texas guarantees a six-year term to Railroad Commissioners.
It appears that you qualified on the 15th day of January,
1935, for the six-year term to which you were elected at the
general election of 1934.

Thus is posed the question of whether there is any
legal obstacle to the application of Article 2929a, supra,
under which statute your successor may occupy the office on
the 1st day of January, 1941.

We shall briefly review the history of the office
of Railroad Commissioner.

In 1890 there was adopted Section 2 of Article X of
the Constitution, which reads:

"Railroads heretofore constructed or which may
hereafter be constructed in this State are hereby
declared public highways, and railroad companies,
common carriers. The Legislature shall pass laws to
regulate railroad, freight and passenger tariffs, to
correct abuses and prevent unjust discrimination and
extortion in the rates of freight and passenger tar-
iffs on the different railroads in this State, and en-
force the same by adequate penalties; and to the further
accomplishment of these objects and purposes, may pro-
vide and establish all requisite means and agencies
invested with such powers as may be deemed adequate
and advisable."

Pursuant thereto, the 22nd Legislature in 1891 created the Railroad Commission (General Laws, Vol. 10, p. 55), Section 1 of the Act providing as follows:

"Be it enacted by the Legislature of the State of Texas:  That a Railroad Commission is hereby created, to be composed of three persons to be appointed by the Governor, as follows:  If the Legislature be then in session the Governor shall, upon the taking effect of this act, or as soon thereafter as practicable, by and with the advice of the Senate, if the Legislature then be in session appoint said Commissioners; but if the Legislature be not in session, the Governor shall make such appointments, and each Commissioner so appointed shall hold his office until the second Monday after the inauguration of the next succeeding Governor and until his successor is appointed and qualified.  Each succeeding Governor shall on the second Monday after his inauguration, or as soon thereafter as practicable, appoint said Commissioners, who shall each hold his office until the second Monday after the inauguration of the next succeeding Governor and until his successor is appointed and qualified."

The foregoing statutory provisions remained in the statutes of Texas until 1925, after which Article 6447 read:

"The Railroad Commission of Texas shall be composed of three (3) members, one of whom shall be elected bi-ennially at each general election for the term of six years."

In the year 1894, however, there was adopted Section 30 of Article XVI of the Constitution of Texas which reads as follows:

"The duration of all offices not fixed by this Constitution shall never exceed two years; provided, that when a Railroad Commission is created by law it shall be composed of three Commissioners who shall be elected by the people at a general election for State officers, and their terms of office shall be six years;

Honorable Lon A. Smith, Page 4

provided, Railroad Commissioners first elected
after this amendment goes into effect shall hold
office as follows: One shall serve two years, and
one four years, and one six years; their terms to
be decided by lot immediately after they shall have
qualified. And one Railroad Commissioner shall be
elected every two years thereafter. In case of va-
cancy in said office the Governor of the State shall
fill said vacancy by appointment until the next gen-
eral election."

Pursuant to this constitutional provision, John H.
Reagan, L. L. Storey, and Allison Mayfield were elected Rail-
road Commissioners at the general election in 1896. It is
recorded in the official election register that Allison May-
field qualified for the office on the 5th day of January,
1897, and that John H. Reagan and L. L. Storey qualified on
the 17th day of January, 1897.

The history of subsequent qualifications for the of-
fice reveals that there has been no day certain upon which the
Commissioners have qualified; the date has been variable after
the 1st day of January, following the general election, usually
about the 15th, the latest, apparently, being upon the 21st
day of January.

At the time the first three elected Commissioners
were elected, and qualified, the statutes were silent relative
to the elective office of Railroad Commissioner. There was
only Section 30 of Article XVI of the Constitution.

Moreover, Articles 1757, 1758, and 1759 of the Revised
Statutes of 1895 (providing for election returns, for the open-
ing and counting of returns by the Secretary of State, and
for the delivery of certificates of election by the Governor
on the fortieth day after the general election) did not in-
clude the office of Railroad Commissioner in the enumeration of
State offices to which the statutes were applicable.

The 25th Legislature in 1897 (subsequent to the taking
of office by the first elected Railroad Commissioners) amended
Article 1757 to include the State office of Railroad Commissioner.

Honorable Lon A. Smith, Page 5

Therefore, at the inception of the elective office of Railroad Commissioner there existed only the provision in Section 30 of Article XVI of the Constitution that the first elected Railroad Commissioners should have staggered terms of two, four, and six years, and that subsequently elected Railroad Commissioners should have terms of six years. Neither the Constitution nor the statutes expressly determined either when the original staggered terms commenced or when the subsequent six-year terms were to commence.

The adoption of Section 30 of Article XVI of the Constitution abrogated the appointive commission provided for by the Legislature in 1891 pursuant to Section 2 of Article X of the Constitution. This necessarily was consummated at the next "general election for State officers", same being the general election in November, 1896.

In consequence, the three Railroad Commissioners elected at the general election in 1896 could have thereupon qualified for and assumed the duties of the offices. Obviously the appointive Commissioners were not entitled to longer hold their offices because they were superseded under Section 30 of Article XVI of the Constitution by the elected officers. To consider otherwise would reach a result contrary to Section 30, and this by force of an act of the 22nd Legislature in 1891.

The general rule over the United States, peculiarly applicable in this instance, is that where no time for the commencement of a term of office is fixed by the Constitution or by statute, such term commences from the date of an election or from the legal ascertainment of the results of the election. 22 R. C. L., # 251; 80 A. L. R. 1290; 46 Cor. Jur. 965, # 104; Whitney v. Patrick, 64 Misc. 191, 120 N. Y. Supp. 560.

In such case it may not be held that the term commences at the time of qualification for the office. This for the obvious reason that if it were so an officer would be enabled to enlarge upon the term of his predecessor without reducing his own, in virtue of his predecessor's holding over, by the expedient of delaying the time of his qualification, or, should he be his own successor, enlarge upon his present term by postponing the date of his qualification for his succeeding term. See Jewett v. McConnell, 112 Ark. 291, 165 S. W. 954.

Honorable Lon A. Smith, Page 6

Section 17 of Article XVI of the Constitution provides:

"All officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified."

To the same effect is Article 18 of the Revised Civil Statutes of Texas:

"Each officer, whether elected or appointed under the laws of this State . . . shall hold his office for the term provided by law and until his successor is elected or appointed and qualified. . . ."

The conclusion is reached, therefore, that the terms of office of the first Railroad Commissioners elected pursuant to Section 30 of Article XVI of the Constitution of Texas commenced at the time of their election, and this regardless of when they qualified for and assumed the duties of the offices.

The first three elected Commissioners were guaranteed respective terms of two, four, and six years, as decided by lot; succeeding Commissioners were guaranteed six-year terms.

It has been declared by the Supreme Court of Texas that "the Legislature is without power to abolish constitutional offices, or to shorten terms of office, which are fixed by the Constitution." Cowell v. Ayers, 110 Tex. 348. There is, however, no constitutional objection to a legislative regulation of the commencement of terms of office provided the result is not to shorten a constitutional term.

As before mentioned, the 25th Legislature in 1897 amended Article 1757 of the Revised Statutes of 1895 to include the office of Railroad Commissioner, wherefore on the fortieth day after the general election the Governor delivered certificates of election to the newly elected Railroad Commissioners, as well as to other officers. Under the doctrine recognized in the cases of Tom v. Klepper, 172 S. W. 721 (writ of error refused), Stampe v. Tittle, 167 S. W. 776 (Civ. App.) and Hamilton v. State, 51 S. W. 217 (Court of Criminal Appeals), subsequent terms of office of Railroad Commissioners, and other officers, commenced on the fortieth day after the general election, the time when the elected officer could qualify for the office.

Honorable Lon A. Smith, Page 7


It was held by this Department in an opinion to Land Commissioner J. H. Walker under date of December 1, 1936 (Letter Opinions, Vol. 374, p. 461) that the term of such office commenced on the fortieth day after the general election. Likewise as to District Judges under date of January 8, 1937 (Letter Opinions, Vol. 374, p. 996). Each of these opinions was rendered prior to the enactment of Article 2929a.

The effect of making the forty-day provision applicable to the office of Railroad Commissioner was not a shortening of the terms. Rather, it afforded the incumbents their full terms and a tenure in excess of the term had they qualified when their terms commenced.

It may be observed that a "term of office" is the time during which, by law, an office may be held by an elected or appointed official; a "tenure of office" is the time during which an official actually serves. The time of each may not coincide. For example, an officer may delay his qualification and thereby shorten his tenure in virtue of the fact that his term had commenced at the time when he could have qualified. Or, an officer may qualify when his term commences and hold over beyond the expiration of his term until his successor does or may qualify, in which case his tenure exceeds his term.

The terms of the first three elected Railroad Commissioners commenced at the time of their election. Resulting from the noted amendment to Article 1757, Revised Statutes of 1895, by the 25th Legislature in 1897, subsequent terms of the office commenced on the fortieth day after the general election. In consequence of Article 2929a, enacted by the 45th Legislature in 1937, the terms of subsequent Railroad Commissioners begin on the first day of January following the general election.

In no case has the constitutional term been shortened. The fact that successors in the office have consistently delayed their time of qualification does not gainsay the commencement of their terms prior thereto. Custom cannot alter that which is, by law, otherwise.

You are, therefore, respectfully advised that it is the opinion of this Department that Article 2929a, supra, may be constitutionally applied to the office of Railroad Commissioner and determines when your successor may qualify for and

Honorable Lon A. Smith, Page 8

assume the duties of the office. This is on the 1st day of January, 1941. If and when such is done, whether on this date or later, your right to hold the office longer there-upon ceases.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Zollie C. Steakley*
Zollie C. Steakley
Assistant

ZCS:BBB

APPROVED DEC 17, 1940

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE

